UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

REY RIVERA,

                                Plaintiff,

    v.                                                   No. 20-CV-6294

STEPHEN EINSTEIN,                             JURY DEMANDED
STEPHEN EINSTEIN &
ASSOCIATES, P.C., and
CYPRESS FINANCIAL RECOVERIES, LLC,

                                Defendants.
_____

COMPLAINT FOR ABUSE OF PROCESS, AND FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT,
NEW YORK GENERAL BUSINESS LAW § 349, AND
NEW YORK JUDICIARY LAW § 487

Introduction

1.     This is an action for actual, statutory and punitive damages, and civil penalties brought by Plaintiff Rey Rivera against Defendants Stephen Einstein, Stephen Einstein & Associates, P.C. ("Einstein-PC"), and Cypress Financial Recoveries, LLC for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; for violations of New York General Business Law § 349, which prohibits deceptive acts and practices; for violations of New York Judiciary Law § 487, which prohibits deceit or collusion, with intent to deceive a court or any party; and for abuse of process.

1

## Jurisdiction and Venue

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

4. This court has jurisdiction over Cypress Financial because it regularly conducts and transacts business in this state, and the conduct complained of occurred in this District.

5. This court has jurisdiction over Stephen Einstein because he regularly conducts and transacts business in this state, and the conduct complained of occurred in this District.

6. This court has jurisdiction over Einstein-PC because it regularly conducts and transacts business in this state, and the conduct complained of occurred in this District.

7. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Plaintiff resides in The Bronx, Defendants do business and transact business here, and the conduct complained of occurred in Manhattan and The Bronx.

## Parties

8. Plaintiff, Rivera, is a natural person residing in the City and State of New York, in the County of The Bronx, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant Stephen Einstein is an attorney licensed to practice law in the State of New York.

10. Einstein is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

11. Einstein has transacted business within the State of New York as is more fully set forth hereinafter in this complaint.

12. Einstein regularly attempts to collect debts alleged to be due another.

13. Einstein uses instrumentalities of interstate commerce and the mails in pursuit of its business, the principal purpose of which is the collection of debts.

14. Einstein was personally involved in the conversion of Plaintiff's moneys.

15. Defendant Einstein-PC is debt-collection law firm incorporated in New York and with its principal office located in Manhattan.

16. Einstein-PC is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

17. Einstein-PC has transacted business within the State of New York as is more fully set forth hereinafter in this complaint.

18. Einstein-PC regularly attempts to collect debts alleged to be due another.

19. Einstein-PC uses instrumentalities of interstate commerce and the mails in pursuit of its business, the principal purpose of which is the collection of debts.

20. Einstein-PC was personally involved in the conversion of Plaintiff's moneys.

21. Defendant Cypress Financial is a limited liability corporation organized and existing in the State of New Jersey that is authorized to do business in the State of New York.

22. Cypress Financial is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

23. Cypress Financial has transacted business within the State of New York as is more fully set forth hereinafter in this complaint.

24. Cypress Financial regularly attempts to collect debts alleged to be due another.

25. Cypress Financial uses instrumentalities of interstate commerce and the mails in pursuit of its business, the principal purpose of which is the collection of debts.

26. Cypress Financial purchases large portfolios of defaulted debt to carry out its principal purpose of the collection of debt.

27. The acts of the Cypress Financial alleged hereinafter were performed by its officers, agents, and employees acting within the scope of their actual or apparent authority.

## Factual Allegations

28. Sometime before 2009, debt-buyer Cypress Financial purchased a portfolio of debt for collection.

29. One of the debts in the portfolio was for a debt allegedly owed by Plaintiff to Bank of America, N.A.

30. Plaintiff does not know what the alleged debt was for, but Plaintiff has never run his own business and, therefore, the alleged debt arose from transactions involving the purchase of goods or services personal, household, or family use.

31. In 2009, debt-buyer Cypress Financial sued Plaintiff and obtained a default judgment against Plaintiff in NYC Civil Court in The Bronx for $11,655.66.

32. In 2011, Defendant Cypress Financial, through its attorneys at the time, Malen & Associates, P.C., served a restraining notice on Plaintiff's bank and froze his funds on deposit.

33. In 2013, Plaintiff, with the assistance of attorneys from Local 237-Legal Services, moved by order to show cause to vacate the default judgment.

34. In 2013, Defendant Cypress Financial, through its attorneys at the time, Malen & Associates, P.C., stipulated to vacate the judgment and discontinue the case. A copy of the stipulation is attached as <u>Exhibit A</u>.

35. On or after July 31, 2019, Defendant Cypress Financial, now operating through new attorneys, Stephen Einstein ("Einstein") and Stephen Einstein & Associates, P.C. ("Einstein-PC"), sent an Income Execution to NYC Marshal Ronald Moses to garnish Plaintiff's wages in the amount of $23,381.62.

36. Cypress Financial provided Einstein and Einstein-PC with an address where Plaintiff had not lived for approximately 20 years: 2959 White Plains Road, Bronx, NY 10467.

5

37. Defendants knew or should have known that Plaintiff no longer resided at this address.

38. On or after August 5, 2019, Marshal Moses sent a Notice of Garnishment and a copy of the Income Execution by regular first-class mail to Plaintiff at his old address of 2959 White Plains Road. A copy of the Notice of Garnishment and the Income Execution, together with the envelope in which it was enclosed, is attached as Exhibit B.

39. The letter did not arrive at 2959 White Plains Road until on or after August 8, 2019.

40. On or after August 25, 2019, Marshal Moses, still acting on behalf of Cypress Financial, Einstein, and Einstein-PC, served the Notice of Garnishment and Income Execution upon Plaintiff's employer, the New York City Housing Authority ("NYCHA").

41. Because Plaintiff no longer lived at 2959 White Plains Road, he did not receive the Notice of Garnishment or the Income Execution until sometime after Marshal Moses served his employer, NYCHA.

42. Plaintiff's first learned of the garnishment and income execution from his employer, NYCHA, when he learned that his wages were being garnished on a judgment that had been vacated on a case that had been discontinued.

43. Sometime in September or October 2019, Plaintiff finally received a copy of Exhibit B—the Notice of Garnishment and the Income Execution mailed to

6

his prior address of 2959 White Plains Road—when he was contacted by a former neighbor who still lived in his old building and who provided him with the envelope.

44. Plaintiff was greatly upset about having his wages garnished for a judgment that had been vacated and on a lawsuit that had been discontinued.

45. Plaintiff was also greatly upset about having his employer contacted about his personal financial affairs and about the misrepresentation to his employer that he owed money on a judgment in the amount of $23,381.62.

46. When he finally received a copy of the mis-addressed Notice of Garnishment and the Income Execution, Plaintiff contacted the lawyers at Local 237's Legal Services Plan.

47. In October 2019, a lawyer at Local 237 contacted Mr. Einstein on Plaintiff's behalf.

48. After belatedly reviewing the file Einstein-PC had received from Malen & Associates, Einstein saw the February 2013 "So Ordered" Stipulation and instructed Marshal Moses to close his file and to return any funds received, and Einstein and Einstein-PC closed the law firm's own file.

49. On information and belief, Einstein and Einstein-PC did not review the file they received from Mal & Associates before seeking to enforce the judgment.

50. Had Einstein and Einstein-PC reviewed the file, they would have seen that the judgment had been vacated and the case discontinued.

51. Plaintiff has not received notices from any of the Defendants that provide the information required under 15 U.S.C. § 1692g.

52. Under 15 U.S.C. § 1692g(a) of the FDCPA, within five days of the initial communication from a debt collector to a consumer in connection with the collection of any debt, the debt collector is required to send the consumer a written notice containing:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

53. Under 15 U.S.C. § 1692g(b),

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this

   subchapter may continue during the 30-day period
   referred to in subsection (a) unless the consumer has
   notified the debt collector in writing that the debt, or any
   portion of the debt, is disputed or that the consumer
   requests the name and address of the original creditor.
   Any collection activities and communication during the
   30-day period may not overshadow or be inconsistent with
   the disclosure of the consumer's right to dispute the debt
   or request the name and address of the original creditor.

54. Receiving notices from the Defendants that contain the above information would have been especially important here, where Einstein and Einstein-PC took over collection on a judgment that no longer existed.

55. Had Plaintiff received the notice required under 15 U.S.C. § 1692g from any of the Defendants, he could have disputed the debt both orally and in writing, forcing Einstein and Einstein-PC to look into their file and see that the judgment had been vacated and the case had been discontinued.

56. Under 15 U.S.C. § 1692g, Einstein and Einstein-PC were required to send a notice that complied with the section within five days of any one of them communicating with Plaintiff.

## Count I

### Violations of the Fair Debt Collection Practices Act

57. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

58. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, as follows:

  i. Defendants violated 15 U.S.C. §1692e, e(2), e(4), e(5), e(10), f, and f(1) by unlawfully collecting on a default judgment that had been vacated and on

9

    a case that had been discontinued and by sending notice of this unlawful collection to an address at which they knew or should have known that Plaintiff did not reside;

  ii. Defendants violated 15 U.S.C. §1692c(b) by unlawfully communicating with Plaintiff's employer without having a permissible purpose to do so;

  iii. Defendants Einstein and Einstein-PC violated 15 U.S.C. §§ 1692e, -e(3), and –e(10) of the FDCPA by signing, filing and serving computer-generated garnishment papers as an attorney, but without any attorney review – that is, Einstein and Einstein-PC falsely and deceptively held themselves out to Plaintiff as being and acting as a lawyer and being meaningfully involved in the collection of his account, so as to collect on a judgment upon which Defendants had no right to collect.

  iv. Each of the Defendants violated 15 U.S.C. §§ 1692g by failing to send Plaintiff the notices required under this section within five days of their initial communication with Plaintiff.

59. As a result of Defendants' acts, Plaintiff Rivera was served with a Notice of Garnishment and Income Execution, which he only received after his employer, NYCHA, had been served with the Income Execution.

60. As a result of these actions, Plaintiff became embarrassed, humiliated, nervous, upset, anxious, and suffered from emotional distress and fear.

**WHEREFORE**, Plaintiff Rey Rivera respectfully request that judgment be entered against the Defendants, jointly and severally, for:

(a) Actual damages;

(b) Statutory damages under 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees under 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## Count II

### Violations of New York General Business Law § 349

61.     Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

62.     Under New York General Business Law ("GBL") § 349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

63.     Defendants' preparation and use of Notices of Garnishment and Income Executions to collect on judgments that have been vacated in cases that have been discontinued is a deceptive act.

64.     As a result of Defendants' acts, Plaintiff Rivera became embarrassed, humiliated, nervous, upset, anxious, and suffered from emotional distress and fear.

65.     By and through their acts, omissions, concealments, and misrepresentations, Defendants violated GBL §§ 349 with materially misleading and consumer-oriented deceptive acts and practices, with a broad impact on consumers at large, and have done so knowingly or willfully.

66.     Defendants' garnishment of wages constitutes an egregious act justifying the imposition of punitive damages.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor against Defendants, awarding damages as follows:

(A) Civil penalties as provided under New York General Business Law § 349;

(B) Actual damages provided under New York General Business Law § 349;

(C) Punitive damages as provided under New York General Business Law § 349;

(D) Attorneys' fees, litigation expenses and costs incurred in bringing this action; and

(E) Any other relief this Court deems appropriate and just.

## Count III

### Abuse of Process

67. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

68. Defendants engaged in abuse of process by intentionally garnishing Plaintiff's wages without any right to do so.

69. Defendants took these actions with respect to Plaintiff and to other consumers who allegedly owe money.

70. Plaintiff has been damaged by Defendants' practices.

71. Defendants engaged in the practices complained of for the purpose of injuring and taking advantage of consumers.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor against Defendants, awarding damages as follows:

(A) Actual damages;

(B) Nominal damages;

(C) Punitive damages;

(D) Attorneys' fees, litigation expenses and costs incurred in bringing this action; and

(E) Any other relief this Court deems appropriate and just.

## Count IV

### N.Y. Judiciary Law § 487
### (as to Epstein and Epstein-PC)

72. New York Judiciary Law § 487 creates a private right of action against an attorney or counselor who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party;" or "willfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for."

73. As enumerated in the Statement of Facts, Epstein and Epstein-PC violated Judiciary Law § 487.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor against Defendants, awarding damages as follows:

(A) Actual damages;

(B) Treble damages;

(D) Attorneys' fees, litigation expenses and costs incurred in bringing this action; and

(E) Any other relief this Court deems appropriate and just.

## Jury Demand

Please take notice that Plaintiff demands trial by jury in this action.

Dated: August 10, 2020

/s/ Brian L. Bromberg
Brian L. Bromberg

**Attorneys for Plaintiff**

Brian L. Bromberg
Joshua Tarrant-Windt
Bromberg Law Office, P.C.
*Attorneys for the Plaintiff*
26 Broadway, 27th Floor
New York, NY 10004
Tel: (212) 248-7906
Fax: (212) 248-7908
Email: brian@bromberglawoffice.com
Email: joshua@bromberglawoffice.com